**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.** **CRIMINAL NO. 1:26-cr-148-TBM-BWR**

**LUIS EDWARD PIMENTAL *and***
**DANIEL ABRAHAM ONTIVEROS**

# ORDER

This cause comes before the Court on the Emergency Motion for Stay and Review of Magistrate Judge's Release ruling [17] pursuant to 18 U.S.C. § 3145 filed by the United States of America asking this Court to revoke a release ruling issued by a United States Magistrate Judge in the Central District of California. The Government filed its three-page motion yesterday afternoon and specifically requests that this Court revoke the Magistrate Judge's decision to release Defendants Luis Edward Pimental and Daniel Abraham Ontiveros.

The Government rests its emergency detention argument exclusively on the fact that Pimental and Ontiveros are California residents who were indicted for conspiracy to possess with intent to distribute methamphetamine. In addition to considering the presumption of detention, however, this Court must also conduct a Section 3142 analysis in making its ultimate detention determination. Upon doing so, the Court finds that the Government has not presented any other evidence indicating that the emergency pretrial detention of the Defendants is appropriate. The Government's emergency motion is denied.

## I. ANALYSIS AND DISCUSSION

Luis Edward Pimental and Daniel Abraham Ontiveros were indicted on September 22, 2026, for conspiracy to possess with intent to distribute 500 grams or more of a mixture of

substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A). Both Pimental and Ontiveros were arrested in the Central District of California on November 3, 2026, and appeared before United States Magistrate Judge Rozella A. Oliver that same day. The Government moved for detention based on the presumption of detention under 18 U.S.C. § 3142(e)(3)(A), that Defendants posed a risk of flight and a risk to the safety of other persons and the community. The Magistrate Judge denied the Government's request for detention and granted both Pimental and Ontiveros bond.

The Government now asks this Court to reverse the Magistrate Judge's release order and order the detention of Pimental and Ontiveros pending the resolution of this criminal action under 18 U.S.C. § 3145(a)(1), which provides:

> (a) Review of a release order.—If a person is ordered released by a magistrate judge, or by a person other than a judge of the court having original jurisdiction over the offense and other than Federal appellate court—
>
> > (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and
> >
> > (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendments of release.
>
> The motion shall be determined promptly.

18 U.S.C. § 3145(a). "By its plain language, the statute authorizes a district judge to review a magistrate judge's release order." *United States v. Salazar-Andujo*, 599 F. Supp. 3d 491, 493 (W.D. Tex. 2022). "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992) (citing *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985)). In doing so, "the

district court, making an independent determination, can order pretrial detention even though the magistrate has refused to do so." *United States v. Stanford*, 341 F. App'x 979, 981 (5th Cir. 2009). Thus, the question before this Court is whether the Magistrate Judge's release order should be revoked.

"For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, *or* the safety of others or the community, is sufficient; both are not required." *Rueben*, 974 F.2d at 585 (emphasis added) (citations omitted). "On the issue of appearance, 'the judicial officer must determine that it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance.'" *United States v. Gonzalez*, No. SA:24-MJ-1412-RBF, 2024 WL 5694011, *2 (W.D. Tex. Nov. 4, 2024); *United States v. Betford*, 816 F. Supp. 3d 624 (N.D. Tex. 2026). In making such a determination, courts consider the factors identified in 18 U.S.C. § 3142(g):

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Government argues that there is a presumption in favor of detention for the Defendants, and because the Defendants pose a risk to the community, and have no known ties to the Southern District of Mississippi, that "there are no conditions and/or combination of conditions that will ensure the defendant's continued presence for these proceedings." [17], p. 3. But unlike in other actions where this Court has reviewed release orders, the Government has provided no evidence that would allow this Court to sufficiently conduct the analysis set forth in Section 3142(g). *See, e.g.*, *United States v. Porter*, 1:26-cr-128-TBM (S.D. Miss. Sep. 9, 2026); *United States v. Talha*, No. 1:26-cr-79-TBM, 2026 WL 2201909 (S.D. Miss. Jul. 30, 2026); *United States v. Ramos-Cortez*, No. 1:26-cr-17-TBM, 2026 WL 3206922 (S.D. Miss. Feb. 10, 2026). Instead, the Government really bases its argument on the fact that two California residents were indicted in Mississippi for conspiracy to possess with intent to distribute methamphetamine, alone. Without more, the Government's motion must be denied.

To be sure, Section 3142(g)(1) directs the Court to consider "the nature and circumstances of the offense charged." Here, the Government does argue that Pimentel received over $34,000 and that Ontiveros received over $58,000 for bulk shipments of methamphetamine from others in the Southern District of Mississippi. While the Defendants are charged with offenses involving controlled substances, the Court recognizes that the Defendants are not charged with "a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1).

Second, Section 3142(g)(2) instructs the Court to consider "the weight of the evidence" against the Defendants. In doing so, the Fifth Circuit has held that a "district court can only rule on the basis of the evidence before it." *United States v. Jackson*, 845 F.2d 1262, 1265 (5th Cir. 1988). Although an indictment may provide probable cause, "the government cannot reasonably argue that the Section 3142(e) presumption, coupled with the allegations of the indictment against [the Defendants], are alone sufficient to satisfy Section 3142(g)." *Id.* Without more, the Court finds that the Government "made no effort to advise the trial court concerning the 'weight of the evidence'" against the Defendants. *Id.*

Third, Section 3142(g)(3) requires this Court to consider the "history and characteristics" of the Defendants. But the Government provides no discussion of the Defendants' criminal history, much less any evidence. Instead, the Government simply suggests that the Defendants' lack of contact with the Southern District of Mississippi implies that Pimental and Ontiveros are flight risks.

Finally, Section 3142(g)(4) instructs the Court to consider "the nature and seriousness of the danger to any person or the community that would be posed by the [Defendants'] release." When evaluating this factor, courts may consider that "the risk of continued narcotics trafficking on bail does constitute a risk to the community" and that "drug offenders pose a special risk of flight and dangerousness to society." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992). As discussed above, the Government primarily bases its entire request for pretrial detention on this factor. According to the Government, the Defendants were members of a large drug trafficking organization called the "Return on Investment Boys" aka the "ROI Boys." [17], p. 2. In 2025, the Government submits that the ROI boys sent over $125,000 worth of methamphetamine to the

Southern District of Mississippi. Taking the Government's argument to its logical conclusion, it appears that the Government is arguing for pretrial detention in virtually every drug conspiracy case—but that is not the law.

Upon review of all Section 3142(g) factors, the Court finds that the Government has not presented sufficient evidence to warrant the pretrial detention of the Defendants on an emergency basis. And while there is a presumption of detention in this case, courts "should consider the presumption as a relevant factor to its detention analysis"—not the controlling factor itself. *United States v. Mixon*, No. 4:23-cr-274-ALM, 2025 WL 242836, *4 (E.D. Tex. Jan. 2025) (citing *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989)). While the majority of alleged drug dealers should likely be detained under the law, simply indicting out of state alleged drug dealers does not mean every single one is automatically detained on an emergency basis. More is needed.

## II. CONCLUSION

IT IS ORDERED that the Government's Emergency Motion for Stay and Review of Magistrate Judge's Release ruling [17] is DENIED.

This, the 5th day of November, 2026.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE